IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI,
SOUTHERN DIVISION

| | |
|---|---|
| United States of America, | |
| Plaintiff, | Case No. 6:25-cr-03026-MDH |
| v. | |
| Pedro De Leon-Velasco | |
| Defendant, | |

## DEFENDANT'S MOTION TO DECLARE CHARGING STATUTE UNCONSTITUTIONAL AND TO DISMISS INDICTMENT

**COMES NOW** Defendant, Pedro De Leon-Velasco, by and through undersigned counsel, and moves this Honorable Court to dismiss the felony Indictment because 18 U.S.C. 922(g)(5)(A) is unconstitutional. 18 U.S.C. 922(g)(5)(A) violates Defendant's rights to keep and bear arms under the Second Amendment to the United States Constitution. Further, 18 U.S.C. 922(g)(5)(A) is unconstitutional because it is void for vagueness under the due process clause of the Fifth Amendment to the United States Constitution.

*Introduction*

Defendant is charged with a violation of 18 U.S.C. 922(g)(5)(A) to wit: knowingly possessing a firearm transported in interstate commerce while allegedly knowing he was an alien supposedly illegally or unlawfully in the United States.

Defendant produced evidence at his preliminary hearing that the United States Citizenship and Immigration Services (USCIS) informed him that "he may live" in the United States during the same period that he allegedly possessed the firearm at issue. *See* **Exhibit 1**, attached (I-589 Form for Defendant stating that he "may remain in the United States" while his application is pending and until after his interview); *see also* **Exhibit 2**, attached (showing that Defendant's asylum application is still pending and that the "Next Step" is his interview); **Exhibit 3**, at p. 2, attached and highlighted (showing that the USCIS website stated he "may live in the United States"). That is, Defendant's asylum claim was pending, and he was waiting for his interview at the time that he allegedly possessed the firearm. Therefore, he allegedly possessed it at a time when he was told that he "may live" here by USCIS.

### *Argument*

### *18 U.S.C. 922(g)(5)(A) is Violative of the Second Amendment*

The Second Amendment to the United States Constitution, in relevant part, provides as follows: "[T]he right of the people to keep and bear Arms, shall not be infringed." 18 U.S.C. 922(g)(5)(A) infringes on Defendant's rights to keep and bear arms. Defendant recognizes the precedent set forth in *United States v. Sitladeen*, 64 F.4th 978 (8th Cir. 2023), however, Defendant contends that *Sitladeen* should be modified or reversed because it begs the question of an alien's "lawful presence". That is, simply because Defendant is an alien does not mean that he is not lawfully present in the United States, especially when the United States Citizenship and Immigration Services expressly informs the defendant that he "may live in the United States."

Alternatively, Defendant avers that the charging statute is unconstitutional to preserve the issue until review by the United States Supreme Court.

*The Second Amendment's Plain Text Covers the Defendant's Conduct*

The Second Amendment's plain text covers the Defendant's conduct as alleged by the Government. Defendant was lawfully present in the United States at the time at issue here according to the USCIS. Therefore, the Defendant's conduct is in the category of "the people" protected by the Second Amendment.

*The Constitution Presumptively Protects the Defendant's Conduct*

The United States Supreme Court in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111, 2129-30 (2022) set forth the standard to be applied:

> We reiterate that the standard for applying the Second Amendment is as follows: When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command." Konigsberg, 366 U.S. at 50, n. 10, 81 S.Ct. 997.

As the Defendant's conduct includes him in the category of "the people" protected by the Second Amendment, the Constitution presumptively protects that conduct, and the Government must "affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Bruen* at 2127.

*The Government Fails in its Burden to Prove a "Comparable Burden" to that of 18 U.S.C. 922(g)(5)(A)*

If the Government cannot meet this burden, then the Defendant's firearm-related conduct falls within the Second Amendment's "unqualified command" and is protected. *Bruen* at 2130. Defendant respectfully contends that the Government cannot meet its burden here, including because Defendant was lawfully in the United States according to USCIS.

For these reasons, 18 U.S.C. 922(g)(5)(A) is unconstitutional both facially and as applied to the Defendant in this case.

*18 U.S.C. 922(g)(5)(A) is Void for Vagueness*

Additionally, 18 U.S.C. 922(g)(5)(A) is void for vagueness, under the due process clause of the Fifth Amendment to the United States Constitution, because the phrase "unlawfully present" is vague, both on its face and in its application by the Government to the Defendant here. The statute fails to provide fair warning of prohibited conduct and, more importantly, impermissibly fails to establish standards for the police and public that sufficiently guard against the arbitrary deprivation of liberty.

"As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983) (citations omitted). "To determine whether a criminal statute meets a vagueness challenge, [the Court] must assess whether men of common intelligence must necessarily

guess at its meaning and differ as to its application." *United States v. Smith*, 171 F.3d 617, 622 (1999) (citations omitted and internal quotation marks omitted). Such statutes should not lead to "arbitrary and erratic arrests and convictions." *Id*. at 622-23 (citation omitted and internal quotation marks omitted).

Here, a person of "common intelligence" must necessarily guess at what it means to be "unlawfully present" while at the same time have permission to be present by the United States Government. That is, surely people of common intelligence will differ as to how to apply a law that prohibits possession of something by people "unlawfully present" to people who are present by permission of an agency of our government responsible for such things. If HSA agents cannot tell aliens who "may live in the United States" from those "lawfully present" or "unlawfully present," it will result in arbitrary and erratic arrests, as here. This case is evidence alone of the problem.

For a criminal statute to withstand a vagueness challenge, the statute must define the offense with sufficient definiteness so that *ordinary* people can understand what conduct is prohibited by it, and in a manner that does not encourage its arbitrary enforcement. *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). A statute is void for vagueness if the wording of the statute fails to give a person of *ordinary* intelligence fair notice that his or her conduct is forbidden by the statute or is so indefinite that it encourages its arbitrary enforcement. *Colautti v. Franklin*, 439 U.S. 379, 390 (1979) (overruled on other grounds).

As far back as 1875, the Supreme Court stated:

> It would certainly be dangerous if the legislature could set a net large enough to catch all possible offenders and leave it to the courts to step inside and say who could be rightfully detained, and who should be set at large. This would, to some extent, substitute the judicial for the legislative department of government. *United States v. Reese,* 92 U.S. 214, 221, 23 L.Ed. 563 (1875).

*Kolender v. Lawson*, 461 U.S. 352, 358, n.7 (1983). If arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards that do not entrap the innocent by failing to provide fair warning. *Grayned v. City of Rockford,* 408 U.S. 104, 108-109 (1972). 922(g)(5)(A) is no such law, as exemplified here.

Finally, if the public is uncertain as to the conduct prohibited by statute, it is vague and standardless and violates the due process clause. *See Chicago v. Morales,* 527 U.S. 41, 56 (1999). "No one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes." *Lanzetta v. New Jersey,* 306 U.S. 451, 453 (1939). In evaluating statutes for vagueness claims, criminal statutes are subject to greater scrutiny because the consequences of imprecision are qualitatively more severe. *Kolender v. Lawson,* 461 U.S. at 358-59, fn.8; *Village of Hoffman Estates v. Flipside,* 455 U.S. 489, 498-99 (1982).

The use of the phrase, in 18 U.S.C. 922(g)(5)(A), "lawfully present" does not give fair warning as to the prohibited conduct nor does it establish standards of interpretation to sufficiently defend against the arbitrary deprivation of liberty. Therefore, 18 U.S.C. 922(g)(5)(A) is unconstitutional, on its face, and as applied to the Defendant, as it is void for vagueness.

Page **6** of **7**

Case 6:25-cr-03026-MDH     Document 28     Filed 03/04/25     Page 6 of 7

*Conclusion*

For these reasons, 18 U.S.C. 922(g)(5)(A) is unconstitutional and violative of the Defendant's rights under the law, both on its face and as applied to him. Therefore, the felony Indictment in this cause should be dismissed entirely.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court find that 18 U.S.C. 922(g)(5)(A) is unconstitutional and in violation of his Second Amendment right to bear arms and his due process rights pursuant to the Fifth Amendment to the United States Constitution; that the Court dismiss the felony Indictment this case; and that the Court provide for such other relief as it deems just and proper in the premises.

Respectfully submitted,
*/s/ Ty Harden*
Ty Harden, Missouri Bar 63861
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to Assistant United States Attorney and all other CM/ECF participants in this case. I hereby certify that on March 4, 2025, the CM/ECF system did not list any non-CM/ECF participants who were to receive manual notification.

*/s/ Ty Harden*
Ty Harden