# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No.: 25-03026-01-CR-S-MDH |
| PEDRO MATIAS DE LEON VELASCO, ) | |
| Defendant. ) | |

## DEFENDANT'S SENTENCING MEMORANDUM

Defendant Pedro Matias De Leon-Velasco, by and through counsel Adam Woody and Ty Harden, the Law Office of Adam Woody, respectfully submits this sentencing memorandum in this case, which is set for a sentencing hearing on September 4, 2025. For the reasons below, the Defendant respectfully requests that this Court sentence Defendant to a term of incarceration of time served without any term of supervised release.

### I. BACKGROUND

Defendant anticipates presumptively mandatory deportation to Guatemala from his guilty plea to the instant offense conduct. (Doc. 38, p. 11 at ¶ 21). Law enforcement arrested and first incarcerated Defendant for the instant offense conduct on December 21, 2024. (PSR ¶ 4). Defendant has remained incarcerated for the conduct since that date. Defendant will have been in federal custody for almost precisely seven months by the time of his scheduled sentencing hearing, and he will have been incarcerated for over eight months.

The United States Government filed a criminal complaint against Defendant for the conduct on February 4, 2025, and Defendant made his initial appearance on that complaint on February 6, 2025. (Docs. 1 and 3). On March 20, 2025, Defendant Pedro Matias de Leon-Velasco,

pleaded guilty before this Court, the Honorable M. Douglas Harpool, United States District Judge, to Count I of the indictment against him, which charged him with possession of a firearm by an illegal alien, in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(8). (Docs. 23 & 38). On July 8, 2025, the United States Probation Officer filed a final Presentence Investigation Report (Doc. 39).

## II.     LEGAL STANDARD

Sentencing Guidelines are no longer mandatory, *United States v. Booker,* 543 U.S. 220 (2005), and sentencing still begins with a properly calculated, advisory Sentencing Guidelines range. *See Gall v. United States,* 128 S. Ct. 586, 596 (2007); *Rita v. United States,* 127 S. Ct. 2456, 2464-65 (2007); *Booker,* 543 U.S. at 245-46; *United States v. Plaza,* 471 F.3d 928, 930 (8th Cir. 2006). Next, the Court must decide if a traditional departure under the Guidelines is appropriate, thus creating an advisory Guidelines sentencing range. *Plaza,* 471 F.3d at 930. After calculating the advisory Guidelines range, the Court considers that range, along with all the factors listed in the 18 U.S.C. § 3553(a), in arriving at the final sentence. *Kimbrough v. United States,* 128 S. Ct. 558, 564 (2007); *Plaza,* 471 F.3d at 930.

## III.     DISCUSSION

### A.  Statutory and Guidelines Calculations

*1. Statutory Calculations*

Count 1 of the indictment carries a maximum term of fifteen (15) years' imprisonment. (PSR ¶ 50). The term of imprisonment may be followed by a term of supervised release of not more than three years. (PSR ¶ 53). The defendant may also be subject to a fine of up to $250,000, and a $100 mandatory special assessment. (PSR ¶¶ 58-59).

*2. Guidelines Calculations*

The PSR calculated Defendant's base offense level at 14 and after a two-level reduction for acceptance of responsibility, the Defendant's total offense level is 12. (PSR ¶¶ 13 & 20-21). Based upon a total offense level of 12 and a criminal history category of I, the PSR calculated Defendant's Guidelines imprisonment range to be 10 to 16 months. (PSR ¶ 51). The PSR calculated a Guidelines supervised release term of one to three years. (PSR ¶ 51). Defendant must concur with these calculations and has no objections that seem to impact his Guidelines imprisonment range.

**B. Statutory Sentencing Factors**

Of course, this Court must "impose a sentence sufficient, but not greater than necessary" to address the factors enumerated in 18 U.S.C. §3553, including the Guidelines issued by the U.S. Sentencing Commission. These factors include the nature and circumstances of the offense, history and characteristics of Defendant, the need to promote respect for the law, need to afford adequate deterrence to criminal conduct, and the need to protect the public from further crimes.

Defendant has no criminal history, but he has a strong history of employment and positive contribution to his family and community. (PSR ¶¶ 26, 33, & 43-47). Defendant earned his high school diploma in 2021 in Weaubleau, Missouri, and his work history exemplifies hard-work ethics since 2020. (PSR ¶ 43-47.) Defendant further offers the character reference letters written by people who know Defendant that are attached as Defendant's **Exhibit 1**, which are incorporated here by reference. Defendant reported no substance abuse history beyond what he described as social alcohol consumption. (PSR ¶ 41). Defendant's intoxication at the time of the instant offense conduct indicates he had a problem with alcohol that night at least.

Defendant admitted to his intoxication on the night of the offense conduct, while at a nightclub in Springfield, Missouri. (Doc. 38, p. 2 at ¶ 3). A security officer from the nightclub confronted Defendant while Defendant was near his own vehicle in the parking lot. (Doc. 38, p. 2 at ¶ 3). Defendant told the security officer that he did not want to see what was in the center console, and Defendant displayed a firearm to the security officer. *Id*.

Defendant is a citizen and national of Guatemala, who entered the United States without a proper inspection and admittance by an immigration officer first. When he possessed the firearm, Defendant was a prohibited person because of the manner of his presence here in the United States. Defendant's conduct had the risk of creating an even more dangerous situation, but as the Government admits, given the mitigating circumstances and balancing those against Defendant's conduct, Defendant respectfully asks this Court to find his sentence request warranted.

## IV. <u>CONCLUSION</u>

Given the requirements of Section 3553, the factors above this, and the advisory Guidelines range, Defendant respectfully requests that this Court sentence Defendant to a term of incarceration of time served. Further, given that presumptively mandatory deportation will result from his plea, Defendant further respectfully requests that this Court sentence Defendant to no term of supervised release.

Respectfully submitted,

/s/ Adam D. Woody
ADAM D. WOODY, Mo. Bar 58999
TY HARDEN, Mo. Bar 63861
Attorneys for Defendant

LAW OFFICE OF ADAM WOODY
2121 S. Eastgate
Springfield, Missouri 65809
417-720-4800 (Phone)
417-708-0321 (Facsimile)

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 27, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to Assistant U.S. Attorney.

      /s/ Adam D. Woody
      Adam D. Woody
      Ty Harden
      Attorneys for Defendant